**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court."
Although it is posted on the internet, this opinion is binding only on the
parties in the case and its use in other cases is limited. R.1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2994-14T2

KLAUS BRINKRODE,

      Plaintiff-Respondent,

v.

KATHRYN BRINKRODE,

      Defendant-Appellant.

_____

      Submitted September 20, 2017 — Decided October 2, 2017

      Before Judges Simonelli and Haas.

      On appeal from Superior Court of New Jersey,
      Chancery Division, Family Part, Hudson County,
      Docket No. FM-09-1424-10.

      Camacho Gardner & Associates, LLP, attorneys
      for appellant (Milagros Camacho, on the
      brief).

      Respondent has not filed a brief.

PER CURIAM

    In this post-judgment matrimonial matter, defendant appeals from several Family Part orders imposing monetary sanctions upon her for her repeated failure to comply with previous orders of the court. We affirm.

The parties were divorced in May 2013. At that time, they agreed to share joint legal custody of their only child, with defendant being designated as the parent of primary residence. Because plaintiff thereafter demonstrated that defendant was alienating the child from him, the trial judge ordered the parties to attend reunification therapy with a licensed clinical social worker.

Defendant refused to sign the therapist's retainer agreement or cooperate with the therapy. On June 4, 2014, the judge entered an enforcement order, directing defendant to sign the retainer agreement and pay her share of the therapist's costs within twenty-one days. If defendant failed to do so, the order stated that defendant would be sanctioned $5 per day until she complied.

Defendant continued to ignore the order and, as a result, plaintiff's contact with the child continued to be disrupted. On August 27, 2014, the judge imposed the sanctions permitted by the June 4, 2014 order, and warned defendant that the sanctions would increase to $100 per day if she still refused to cooperate with the child's reunification therapy. Because defendant was now also failing to keep plaintiff apprised of developments in their child's life on a weekly basis as required by prior orders, the judge also stated that additional sanctions in the amount of $250 per day would be imposed if defendant's recalcitrance on that obligation

A-2994-14T2

continued. The judge also awarded plaintiff counsel fees on his enforcement motion.

Defendant did not comply with the August 27 order and, on October 10, 2014, the judge entered another enforcement order, imposing the increased sanctions upon defendant as well as additional counsel fees. The judge permitted plaintiff to collect the sanctions by offsetting them against the monthly alimony payments he was otherwise required to pay defendant. On January 16, 2015, the judge denied defendant's motion for reconsideration of the August 27, 2014 and October 10, 2014 orders. This appeal followed.

On appeal, defendant asserts that: (1) the monetary sanctions the judge imposed were unduly punitive; (2) the judge should have held a plenary hearing before imposing the sanctions; and (3) the judge imposed the sanctions without considering defendant's ability to pay them. We find insufficient merit in these arguments to warrant discussion in a written opinion. R. 2:11-3(e)(1)(E). We therefore affirm the orders substantially for the reasons that the trial judge expressed in her written and oral decisions accompanying each order. We add the following brief comments.

We review a trial court's imposition of sanctions against a litigant pursuant to Rule 1:10-3 and Rule 5:3-7(a)(2) under the abuse of discretion standard. Innes v. Carrascosa, 391 N.J. Super.

453, 498 (App. Div.), certif. denied, 192 N.J. 73 (2007). Applying this standard, we discern no basis for disturbing the judge's determination to impose monetary sanctions upon defendant after she repeatedly, and willfully, refused to comply with the reunification therapy necessary to enable plaintiff to resume parenting time with the parties' child.

The judge took a measured approach to defendant's defiance of the orders, beginning with a $5 per day sanction after giving defendant additional time to comply, before moving to a more substantial $100 per day sanction when it became clear that defendant would not willingly abide by the orders. Contrary to defendant's contention, a plenary hearing was not required in this case because there was no dispute as to any material fact. Hand v. Hand, 391 N.J. Super. 102, 105 (App. Div. 2007). Indeed, defendant readily admitted that she had not complied with the orders.

Finally, the judge fully considered defendant's ability to pay the sanctions, and permitted defendant to offset her obligation against the alimony plaintiff would otherwise be required to pay her. This was a practical and definitive way to address defendant's lengthy history of failing to comply with the court's orders.

A-2994-14T2

Affirmed.

I hereby certify that the foregoing
is a true copy of the original on
file in my office.

CLERK OF THE APPELLATE DIVISION